[Cite as *D.B. v. J.P.*, 2024-Ohio-2489.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| [D.B.] | : | |
| | : | |
| Appellee | : | C.A. No. 30063 |
| | : | |
| v. | : | Trial Court Case No. 2024 CV 00629 |
| | : | |
| [J.P.] | : | (Civil Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 28, 2024

. . . . . . . . . . .

J.P., Pro Se Appellant

D.B., Pro Se Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Respondent J.P. appeals pro se from the trial court's judgment granting D.B.'s petition for a civil stalking protection order ("CSPO") against J.P. after a full hearing. Having reviewed the matter, we conclude that J.P. may not challenge the granting of the CSPO on appeal because she failed to file timely objections to the trial court's adoption of the magistrate's decision, as required by Civ.R. 65.1(G). Accordingly, the judgment of

the trial court will be affirmed.

## I.        Facts and Procedural History

{¶ 2} On February 5, 2024, D.B. filed a pro se petition for a CSPO alleging that J.P. had threatened to kill her and had posted photographs of D.B. on social media in an effort to harm D.B.'s reputation. A full hearing occurred before the magistrate on February 22, 2024. Following the hearing, the magistrate found that the credible evidence led to the conclusion that J.P. had threatened to kill D.B. in a live video streamed on social media on February 1, 2024, and then had assaulted D.B. by striking her outside of a public building on February 5, 2024. The magistrate concluded that D.B.'s fear of J.P. was reasonable and that J.P.'s actions constituted a pattern of conduct that met the definition of menacing by stalking by a preponderance of the evidence; the magistrate therefore granted the CSPO. The trial court adopted the magistrate's decision on February 27, 2024. J.P. did not file objections to the magistrate's opinion and, on March 1, 2024, J.P. filed her timely notice of appeal.

{¶ 3} On March 18, 2024, J.P. filed an "appeal letter for fair judgment regarding restraining order." J.P. did not provide the hearing transcript or any record for our review. D.B. did not file a responsive brief.

## II.        Discussion

{¶ 4} R.C. 2903.214 permits a person to seek a protection order against anyone over the age of 18 who has engaged in menacing by stalking, in violation of R.C. 2903.211. That offense includes "engaging in a pattern of conduct" that knowingly causes "another person to believe that the offender will cause physical harm to the other person

* * * or cause mental distress to the other person * * *." R.C. 2903.211(A).

{¶ 5} Civ.R. 65.1 governs civil protection orders. A trial court "may refer the proceedings under these special statutory proceedings to a magistrate." R.C. 65.1(F)(1). If the matter is referred for a full hearing and determination, "the magistrate shall conduct the full hearing and, upon conclusion of the hearing, deny or grant a protection order." Civ.R. 65(F)(3)(a). "A magistrate's denial or granting of a protection order after a full hearing shall comply with the statutory requirements relating to such orders and is not effective unless adopted by the court." Civ.R. 65.1(F)(3)(c)(i). "When a magistrate has denied or granted a protection order after a full hearing, the court may adopt the magistrate's denial or granting of the protection order upon review of the order and a determination that there is no error of law or other defect evident on the face of the order." Civ.R. 65.1(F)(3)(c)(ii). "A court's adoption * * * of a magistrate's denial or granting of a protection order after a full hearing shall be effective when signed by the court and filed with the clerk." Civ.R. 65.1(F)(3)(c)(v).

{¶ 6} "A party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen days of the court's filing of the order. * * *." Civ.R. 65.1(F)(3)(d)(i). A party objecting "under this division has the burden of showing that an error of law or other defect is evident on the face of the order, or that the credible evidence of record is insufficient to support the granting or denial of the protection order, or that the magistrate abused the magistrate's discretion in including or failing to include specific terms in the protection order." Civ.R. 65.1(F)(3)(d)(iii).

{¶ 7} Civ.R. 65.1(F)(3)(d)(iv) provides:

Objections based upon evidence of record shall be supported by a transcript of all the evidence submitted to the magistrate or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. * * *

{¶ 8} Most significantly,

Notwithstanding the provisions of any other rule, an order entered by the court under division (F)(3)(c) * * * of this rule is a final, appealable order. However, *a party must timely file objections to such an order under division (F)(3)(d) of this rule prior to filing an appeal*, and the timely filing of such objections shall stay the running of the time for appeal until the filing of the court's ruling on the objections.

(Emphasis added.) Civ.R. 65.1(G).

{¶ 9} Civ.R. 65.1 was amended in 2016 "to preclude challenges to civil protection orders when an appellant fails to object to a trial court decision." *Curry v. Bettison,* 2d Dist. Montgomery No. 29662, 2023-Ohio-1911, ¶ 41. Here, the record reflects that J.P. did not file objections to the trial court's adoption of the magistrate's decision granting D.B.'s petition for a CSPO against J.P. before filing her appeal.

{¶ 10} *Curry* further discussed whether a plain error analysis applies in these cases, noting that "Civ.R. 65.1, unlike Civ.R. 53(D)(3)(b)(iv), does not provide for plain

error review where a party fails to object to a decision in the trial court." *Id.* at ¶ 2. *Curry* clarified and summarized the analysis that should occur in Civ.R. 65.1 appeals, stating:

> (1) where litigants fail to comply with Civ.R. 65.1(G)'s requirement of filing of objections, they cannot challenge the trial court's decision on appeal, and the decision must be affirmed; (2) no issues that are raised, whether they are phrased as error or plain error, can be considered; (3) this court should not engage in any analysis that directly or indirectly involves the merits of the trial court order; (4) where a litigant has objected in the trial court as specified by Civ.R. 65.1, this court retains the ability to consider error that is raised on appeal, including plain error, if the latter type of error is raised by a party * * *; and (5) when a party fails to file objections, the court of appeals cannot consider or cite the content of the transcript.

(Citations omitted.) *Id.* at ¶ 67.

**{¶ 11}** Because J.P. failed to file objections in the trial court before filing her appeal, we are precluded from considering her arguments. The judgment of the trial court is affirmed.

. . . . . . . . . . . .


EPLEY, P.J. and TUCKER, J., concur.